[See Case No. 17,020.]

## Case No. 17,022.

### VOWELL v. PATTON.

[2 Cranch, C. C. 312.] [1]

Circuit Court, District of Columbia. May Term, 1822.

PROMISSORY NOTES—LIABILITY OF INDORSER— NOTICE.

When the indorser of a promissory note has a public office in town, at which he generally attends every day, and in his absence has a servant there to receive messages, &c., a notice put into the post office of that town, directed to the indorser, is not sufficient notice to charge him. without proof that he actually received it in due time, although the indorser's family reside five miles out of town, and the town post office is the nearest post office, and the one to which letters for him are generally directed.

Assumpsit [by John C. Vowell] against [James Patton] the indorser of Robert Munro's promissory note due at Georgetown, D. C., on the 3d–6th of the month. It was protested on the 7th, and notice sent to the Farmers' Bank of Alexandria on the same day. On the 8th, that bank put a notice to the defendant into the post office in Alexandria. in which town he (being the British consul) had a public office. at which he generally attended every day; and in his absence had a servant there to receive messages, &c. His family resided about five miles out of town, but the Alexandria post office was the nearest post office, and that to which letters directed to the defendant were generally directed, and at which he generally called daily for letters.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury, that evidence of leaving the notice at the post office, was not sufficient evidence of notice. to charge the defendant; but that if the jury were satisfied by the evidence, that the defendant actually received the notice, on the day on which it was put into the post office, the notice was sufficient. The court, however, did not give any opinion whether the notice was in due time.

---

[1] [Reported by Hon. William Cranch. Chief Judge.]